**ROBBINS AND MYERS, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 79–1176.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 1980.

Frank Stewart, Patrick M. Stanton, Taft, Stettinius & Hollister, Lawrence J. Barty, Patrick Stanton, Cincinnati, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Allison W. Brown, Jr., Edward S. Dorsey, Washington, D. C., Emil C. Farkas, Director, Region 9, N. L. R. B., Cincinnati, Ohio, for respondent.

Before LIVELY, ENGEL and KEITH, Circuit Judges.

## ORDER

This matter is before the court on a petition to review and set aside an order of the National Labor Relations Board and a cross-application of the Board for enforcement of its order. The only issue is whether a pre-election speech by the employer's plant manager contained substantial misrepresentations reasonably expected to have a significant impact on the election as found by the Board in setting aside the election which was won by the employer. The Supplemental Decision and Order which we now review is reported at 241 N.L.R.B. No. 11.

The Board found three serious misrepresentations in the pre-election speech and concluded that the election should be set aside on the basis of *Hollywood Ceramics Company, Inc.*, 140 N.L.R.B. 221 (1962). In addition to finding three serious misrepresentations, the Board concluded that the cumulative effect of these misrepresentations was significant, even though any one of them standing alone might not have been sufficient grounds for setting aside the election.

The pre-election speech was given by the plant manager to small groups of employees over a period of approximately six hours, with the last speech being given at least twenty-four hours before the election. The Board also found that the union did not have a reasonable opportunity to reply.

■ After review of the record and careful consideration of the briefs and oral arguments of counsel the court concludes that the findings of the Board are supported by substantial evidence and that the Board did not depart from the requirements of controlling law in determining to set aside the ·election.

■ The petitioner also complains that "laboratory conditions" were not maintained at the third election conducted by the Board following its order to set aside the previous election. However, our review of the record discloses no such circumstances which would require the Board to set aside the third election.

The petition for review is denied and the cross-application for enforcement of the order of the Board is granted.